**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5047**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

 CHRISTOPHER JEROME JOHNSON, a/k/a Shorty Rock,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge.  (5:11-cr-00008-D-1)

Submitted:  December 27, 2013     Decided:  February 6, 2014

Before KING, GREGORY, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Todd Allen Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North
Carolina, for Appellant. Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Jerome Johnson appeals the 384-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012). On appeal, Johnson challenges the district court's denial of his petitions for writs of habeas corpus ad testificandum, which sought the testimony of various incarcerated witnesses at his sentencing hearing. For the reasons that follow, we vacate Johnson's sentence and remand for resentencing.

This court reviews the district court's denial of a petition for writ of habeas corpus ad testificandum for abuse of discretion. United States v. Butler, 885 F.2d 195, 199-200 (4th Cir. 1989). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

In exercising its discretion to grant or deny a petition for writ of habeas corpus ad testificandum at sentencing, a district court should consider (1) the possible effect of the proffered testimony on the Guidelines, (2) "the

time, expenses, delay, and resources that would have to be expended to produce the witness," and (3) the availability of other alternatives such as "a stipulation, an affidavit, testimony over the telephone, etc." United States v. Garrard, 83 F.3d 889, 893 (7th Cir. 1996). The defendant must make a greater showing of relevancy and necessity for the witness' testimony as the possible impact of the testimony on his Guidelines calculations decreases. Id. A petition for writ of habeas corpus ad testificandum also raises due process concerns, as a criminal defendant enjoys a due process right to be sentenced on the basis of accurate information and a concomitant right to contest the accuracy of the Presentence report ("PSR") and ensure reliable sentencing information in some manner. See United States v. Powell, 650 F.3d 388, 393 (4th Cir. 2011); United States v. Berry, 553 F.3d 273, 280 (3d Cir. 2009); United States v. Pless, 982 F.2d 1118, 1127 (7th Cir. 1992); United States v. Romano, 825 F.2d 725, 728 (2d Cir. 1987).

Here, Johnson filed two separate petitions for writs of habeas corpus ad testificandum. In the first, Johnson sought writs for twelve inmates housed in eight prisons in five different states. The time, delay, expense, and resources required to produce these witnesses at a sentencing hearing would be significant. Johnson sought their testimony primarily to contest the drug weight calculation and leadership role

3

enhancement in his PSR, although their statements were not the primary basis for those calculations. Johnson provided no clear forecast of these witnesses' likely testimony — beyond his own claim that they were lying — and thus did not adequately demonstrate that they were necessary or relevant to the issues to be resolved during the sentencing hearing. Additionally, the court permitted Johnson to submit affidavits from these witnesses, although he did not do so. Thus, we conclude that the district court properly exercised its discretion in denying these writs.

Johnson's second petition, however, compels a different analysis. In this petition, Johnson sought writs for two additional witnesses — Quadrick Everette and Tremaine Edmonson — for information central to the Guidelines calculations in the PSR. In denying writs for these witnesses, the court relied substantially on the reasoning of its prior order. However, the court erroneously believed that it had previously denied Johnson's requests for writs for Everette and Edmonson, although they were not, in fact, included in the prior request.

On appeal, Johnson asserts, and the Government does not dispute, that both of these witnesses were housed in the same North Carolina prison at the time of his sentencing. This facility was significantly closer to the sentencing hearing than

4

the Government's witness — Joshua Coley — who was writ into the sentencing hearing without any analysis or explanation by the Government or the court. See United States v. Johnson, 726 F.2d 1018, 1021 (4th Cir. 1984) (("[G]eographical information is especially appropriate for judicial notice."). Thus, the court's apparent reliance on the expense, delay, and resources needed to produce Everette and Edmonson at sentencing in denying Johnson's request appears arbitrary.

With his second petition, Johnson provided affidavits from Edmonson and Everette, which provided some forecast of the testimony they would provide at sentencing. While these statements were not long or detailed, they were, on their face, contradictory in material respects to the statements attributed to Everette and Edmonson in the PSR. Additionally, Everette and Edmonson possessed information relevant to all of the contested Guidelines calculations, and their affidavits appeared, at least in part, to support Johnson's position on those issues.

Although the court considered the written statements of Edmonson and Everette in sentencing Johnson, these statements did not provide a means of assessing witness credibility equivalent to that accorded the Government's witnesses. Where, as here, the Guidelines calculations were hotly contested and were resolved based largely upon witness credibility, and where the requested witnesses were so crucial to the disputed issues

5

of fact, we are not convinced that the affidavits were adequate to ensure the reliability of the court's credibility determination. For these reasons, we conclude that the district court abused its discretion in denying writs for Edmonson and Everette. Because the Government has not alleged, let alone met its burden to establish, harmless error, the error requires reversal. See United States v. Dyess, 730 F.3d 354, 366-67 (4th Cir. 2013) (noting that Government bears burden to establish harmless error).

Accordingly, we vacate Johnson's sentence and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED